1  Edwin Aiwazian (Cal. State Bar No. 232943)
        *edwin@calljustice.com*
2  Arby Aiwazian (Cal. State Bar No. 269827)
        *arby@calljustice.com*
3  Joanna Ghosh (Cal. State Bar No. 272479)
        *joanna@calljustice.com*
4  Annabel Blanchard (Cal. State Bar No. 258135)
        *annabel@calljustice.com*
5  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
6  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
7
   *Attorneys for* Plaintiff
8
                    **UNITED STATES DISTRICT COURT**
9
                    **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11 BOBBY GRAYSON, III, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, | Case No.: 1:21-cv-00986-ADA-BAM |
| | Honorable Barbara A. McAuliffe Department 8 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| NUTRIEN, a Colorado corporation; NUTRIEN AG SOLUTIONS, INC., an unknown business entity; WESTERN FARM SERVICE, INC., an unknown business entity; and DOES 1 through 100, inclusive, | [Declaration of Proposed Class Counsel (Annabel Blanchard); Declaration of Proposed Class Representative (Bobby Grayson, III); and [Proposed] Order filed concurrently herewith] |
| Defendants. | |

Date:
Time:              9:00 a.m.
Department:        8

Complaint Filed:   April 2, 2021
FAC Filed:         June 1, 2021
SAC Filed:         August 3, 2021
TAC Filed:         October 25, 2021
Trial Date:        None Set

*Left margin (vertical text):* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, at _____, or as soon thereafter as the matter may be heard before the Honorable Barbara A. McAuliffe in Courtroom 8 of the United States District Court for the Eastern District of California, located at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Room 1501, 6th Floor, Fresno, California 93721, Plaintiff Bobby Grayson, III ("Plaintiff") will and hereby does move for an order:

- Granting Plaintiff leave to file the Fourth Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("Fourth Amended Complaint") which is attached as "**EXHIBIT 1**" to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement ("Proposed Order"), filed concurrently herewith;

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the parties' Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement," "Agreement," or "Settlement Agreement"), attached as "**EXHIBIT 1**" to the Declaration of Annabel Blanchard in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the means of allocation and distribution of the Maximum Settlement Amount and the Net Settlement Amount, and the allocations for Attorneys' Fees and Costs, Enhancement Payment, PAGA Amount, and Settlement Administration Costs;

- Certifying the proposed Class for settlement purposes only;

- Preliminarily appointing Plaintiff Bobby Grayson, III as Class Representative;

- Preliminarily appointing Arby Aiwazian, Joanna Ghosh, and Annabel Blanchard of Lawyers *for* Justice, PC as Class Counsel;

- Approving the proposed Notice of Class Action Settlement ("Class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

1   Notice"), attached as "**EXHIBIT 2**" to the Proposed Order;

2   • Appointing Phoenix Settlement Administrators as the Settlement

3   Administrator to handle the notice and administration process for the

4   Settlement and preliminarily approving Settlement Administration Costs;

5   • Directing the Settlement Administrator to mail the Class Notice to the

6   proposed Class;

7   • Approving the proposed deadlines for the notice and administration

8   process as reflected herein and in the Settlement Agreement; and

9   • Scheduling a hearing to consider final approval of the Settlement, at which

10   time the Court will also consider whether to grant final approval of the

11   requests for an award of the Attorneys' Fees and Costs, Enhancement

12   Payment, and Settlement Administration Costs.

13   This motion is based upon the following memorandum of points and

14   authorities; the Settlement Agreement; the Declaration of Proposed Class Counsel

15   (Annabel Blanchard) and Proposed Class Representative (Bobby Grayson, III) in

16   support thereof; as well as the pleadings and other records on file with the Court in

17   this matter, and such evidence and oral argument as may be presented at the hearing

18   on this motion.

19   Dated:  July 14, 2023          **LAWYERS** *for* **JUSTICE, PC**

20

21                    By:   /s/ Annabel Blanchard

22                          Annabel Blanchard
                             *Attorneys for* Plaintiff

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# TABLE OF CONTENTS

I.      SUMMARY OF MOTION ................................................. 1

II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND ............... 2

III.   REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT ............. 4

IV.   SUMMARY OF THE SETTLEMENT TERMS ........................... 4

     A.     The Class for Settlement Purposes ............................ **4**

     B.     Essential Terms of the Settlement ............................ **4**

     C.     Calculation of Individual Settlement Shares ................. **5**

     D.     Calculation of Individual PAGA Payments .................... **6**

     E.     Request for Exclusion, Objection, and Workweeks Dispute
           Procedures ........................................................ **7**

     F.     Scope of the Release ......................................... **8**

V.     THE LEGAL STANDARD FOR PRELIMINARY APPROVAL
     OF THE CLASS ACTION SETTLEMENT ............................ 10

VI.   THE SETTLEMENT SHOULD BE PRELIMINARILY
     APPROVED ............................................................ 11

     A.     The Settlement Resulted from Arm's Length Negotiations and
           Extensive Investigation and Discovery ...................... **11**

     B.     The Settlement Is Fair, Reasonable, and Adequate ......... **13**

     C.     The Settlement Is of Significant Value and Within the Range
           of Approval ..................................................... **15**

         1.    *The allocation for the Enhancement Payment is*
              *reasonable.* ............................................... *15*

         2.    *The allocations for the Attorneys' Fees and Costs are*
              *reasonable.* ............................................... *17*

VII.   CERTIFICATION OF THE PROPOSED CLASS IS
     APPROPRIATE UNDER RULE 23 .................................. 19

     A.     Numerosity .................................................... **19**

i

| | B. | Commonality ...................................................................................19 |
| | C. | Typicality .........................................................................................20 |
| | D. | Adequacy of Representation ............................................................20 |
| | | 1. Appointment of Class Representative. .................................21 |
| | | 2. Appointment of Class Counsel. ...........................................21 |
| | E. | Predominance and Superiority.........................................................22 |

VIII.  ADEQUACY OF THE METHOD OF NOTICE.............................23

IX.  APPOINTMENT OF PHOENIX SETTLEMENT
ADMINISTRATORS AS THE SETTLEMENT
ADMINISTRATOR.................................................................................24

XI.  CONCLUSION .......................................................................................26

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

TABLE OF AUTHORITIES

Page(s)

*Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) ......................................................16

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011) .......................................19

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) ..................................23

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ......................................................18

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)................................23

*Johnson v. California*, 543 U.S. 499, 504–05 (2005) ................................................19

Treatises

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997)........................20, 21

*Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001)............................................19

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) ......................................................................................................................15

*Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) ............................................19

*Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).................................15

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ......................22

*Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013) ......17

*Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014) ......................................................................................15

*Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123, 1127 (C.D. Cal. 2008).......17

*In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987)............16

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992) ......................................................................................................................18

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ........16

*In re Hill*, 775 F.2d 1037 (9th Cir. 1985) ................................................................16

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) .................15, 20

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013) ................17

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014) ..15

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) ..17

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

iii

*Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002) ...........................17

*Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016) .......................16

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002).........14

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008)...................18

*Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980) ..............................22

*Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014)...........................................................................................14

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ...........17

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) .............................................................................................................................17

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996) ............................................................................................................................22

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) .............................................................................................................................17

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) .............................................................................................................................17

*Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) .................................15, 17

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) ....................18

*Van Vranken*, 901 F.Supp. at 297..................................................................................17

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) .....17

*Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) ............................................................12

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)...............................16, 17

*Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987)..........................................20

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997)...................16

**Regulations**

*Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 253 (2001)........................16

**Rules**

Federal Rule of Civil Procedure 23(a)..............................................................18, 19

Federal Rule of Civil Procedure 23(a)(1) ...............................................................18

Federal Rule of Civil Procedure 23(a)(4) ...............................................................20

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Federal Rule of Civil Procedure  23(b)..........................................................................18

Federal Rule of Civil Procedure  23(b)(3) ...................................................................21

Federal Rule of Civil Procedure  23(c)(2) ...................................................................23

Federal Rule of Civil Procedure 23(c)(2)(B) .........................................................22, 23

Federal Rule of Civil Procedure 23(h) ........................................................................16

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132 ..........................................................20

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiff Bobby Grayson, III ("Plaintiff") respectfully requests that this Court grant Plaintiff leave to file a Fourth Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("Fourth Amended Complaint" or "Operative Complaint") and grant preliminary approval of the Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of the proposed Class, and Defendant Nutrien AG Solutions, Inc. ("Defendant Nutrien AG").  Subject to Court approval, Plaintiff and Defendant Nutrien AG have agreed to settle this lawsuit for a Maximum Settlement Amount of Four Million Five Hundred Thousand Dollars ($4,500,000)[1] on a non-reversionary basis.

The parties reached the Settlement after engaging in significant informal discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under federal and California law. Additionally, the proposed Class Notice[2] provides the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it.   Accordingly,

---

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Annabel Blanchard in Support of Plaintiff's Motion For Class Action Settlement ("Blanchard Decl."). Settlement Agreement, ¶ 1.v. Defendants represented that, during the period from October 6, 2016 through February 7, 2023, the Class Members worked, collectively, approximately 266,068 Workweeks. If it is determined that the total number of Workweeks during the period from October 6, 2016 through February 7, 2023 exceeds 266,068 by more than five percent (5%) (i.e., exceeds 279,371), then, the Maximum Settlement Amount will be increased by 1% for every 1% increase in Workweeks over the 5% threshold. See *id*., ¶ 39.

[2] The Notice of Class Action Settlement (i.e., Class Notice) is attached as "**EXHIBIT 2**" to the Proposed Order, filed concurrently herewith.

1

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Plaintiff moves the Court to grant preliminary approval of the Settlement and the

2  allocations for Attorneys' Fees and Costs, Enhancement Payment, and Settlement

3  Administration Costs; conditionally certify the proposed Class for settlement

4  purposes; direct distribution of the Class Notice; and set a Final Approval Hearing.

5  **II.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

6  Defendants Nutrien, Nutrien AG Solutions, Inc., Western Farm Services, Inc.,

7  and Crop Production Services, Inc. (collectively, "Defendants") are providers of crop

8  inputs and services in the agricultural sector.

9  On April 2, 2021, Plaintiff filed the Class Action Complaint for Damages

10  against Defendants Nutrien, Nutrien AG Solutions, Inc., and Western Farm Services,

11  Inc. in the Superior Court of California for the County of Tulare, Case No.

12  VCU286503.

13  On March 25, 2021, Plaintiff provided written notice to the Labor and

14  Workforce Development Agency ("LWDA") and Defendants Nutrien, Nutrien AG

15  Solutions, Inc., and Western Farm Services of Plaintiff's intent to seek civil penalties

16  for alleged violations of the California Labor Code and Industrial Welfare

17  Commission Wage Orders ("PAGA Notice").

18  On June 1, 2021, Plaintiff filed a First Amended Class Action Complaint for

19  Damages & Enforcement Under the Private Attorneys General Act, California Labor

20  Code § 2698, Et. Seq. in the Tulare County Superior Court.

21  On June 21, 2021, the class action was removed to the United States District

22  Court for the Eastern District of California (the "Court").

23  On August 13, 2021, the Court, pursuant to the Parties' joint stipulation,

24  accepted Plaintiff's Second Amended Class Action Complaint for Damages &

25  Enforcement Under the Private Attorneys General Act, California Labor Code § 2698,

26  Et. Seq. for filing.

27  On October 25, 2021, Plaintiff filed a Third Amended Class Action Complaint

28  for Damages & Enforcement Under the Private Attorneys General Act, California

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1    Labor Code § 2698, Et. Seq. ("Third Amended Complaint")

2        On December 7, 2021, Plaintiff filed a Motion to Remand Pursuant to 28

3    U.S.C. § 1447 ("Motion to Remand").   On January 13, 2022 Defendants Nutrien,

4    Nutrien AG Solutions, Inc., and Western Farm Service, Inc. filed an opposition to

5    Plaintiff's Motion to Remand.  On January 27, 2022, Plaintiff filed a reply in support

6    of his Motion to Remand.  On February 24, 2023, the Parties filed a Joint Notice of

7    Settlement and Stipulation to Withdraw Pending Motions.  On March 7, 2023, the

8    Court entered an Order Granting Joint Stipulation to Withdraw Pending Motions,

9    which ordered Plaintiff's Motion to Remand withdrawn.

10        Plaintiff's core allegations are that Defendants violated the California Labor

11   Code and California Business and Professions Code by, *inter alia*, failing to properly

12   pay minimum and overtime wages, failing to provide compliant meal and rest periods

13   or pay associated premiums, failing to timely pay wages during employment and upon

14   termination and associated waiting time penalties, failing to provide complaint wage

15   statements, and failing to reimburse necessary business-related expenses.  Plaintiff

16   contends that Defendants' conduct constitutes unfair business practices and gives rise

17   to penalties under the Private Attorneys General Act, California Labor Code § 2698,

18   Et. Seq. ("PAGA").  Plaintiff further alleges that Defendants' failure to properly

19   pay all compensation due, arises from, *inter alia*, Defendants' practices and

20   policies which required Class Members to work before clocking in for their shifts

21   and after clocking out of their shifts.  As a result, Plaintiff contends that he and the

22   Class Members are entitled to, *inter alia*, unpaid wages, penalties (including and

23   not limited to, penalties pursuant to PAGA), and attorneys' fees.

24        Defendants deny any liability of any kind associated with the claims and

25   allegations, and further deny that Plaintiff or the Class Members are entitled to any

26   relief.  Defendants also deny that this case is appropriate for class or representative

27   treatment for any purpose other than the Settlement.  Defendants maintain, among

28   other things, that they have complied with federal and California laws in all respects.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1      On February 7, 2021, the parties participated in a private mediation before

2 Jeffrey Krivis, Esq., a well-respected mediator experienced in handling complex

3 wage-and-hour matters.    With the aid of the mediator's evaluations, the parties

4 reached the Settlement to resolve the above-captioned action ("Action").

## III.    REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT

      To effectuate the terms of the Settlement Agreement and intent of the parties, the parties agree that leave should be granted for Plaintiff to amend the Third Amended Complaint, by filing the proposed Fourth Amended Complaint. (Settlement Agreement, ¶ 9.)    The Fourth Amended Complaint will plead additional factual allegations and claims, limit the scope of the Class Members and PAGA Employees to those covered by the Settlement Agreement, and add Crop Production Services, Inc. as a named defendant. As such, Plaintiff respectfully requests leave to file the Fourth Amended Complaint so that the terms of the Settlement may be effectuated.

## IV.    SUMMARY OF THE SETTLEMENT TERMS

### A.    The Class for Settlement Purposes

      For settlement purposes only, the Parties agree to class action certification of the following Class (individually referred to as "Class Members") consisting of an estimate of approximately 2,306 individuals:

> All current and former non-exempt employees who worked for any of the Defendants within the State of California at any time during the Class Period.  Settlement Agreement, ¶ 6.e.

The period from October 6, 2016 through June 7, 2023 is the "Class Period." Settlement Agreement, ¶ 6.g.

      As discussed in Section V, *infra*, conditional class certification is appropriate with respect to the Settlement.

### B.    Essential Terms of the Settlement

      Defendant Nutrien AG will pay a Maximum Settlement Amount of Four Million Five Hundred Thousand Dollars ($4,500,000) on a non-reversionary basis.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Settlement Agreement, ¶ 6.v.   The Net Settlement Amount means the amount remaining after deducting the following from the Maximum Settlement Amount: (1) attorneys' fees of up to thirty-five percent (35%) of the Maximum Settlement Amount (i.e., up to $1,575,000 if the Maximum Settlement Amount is $4,500,000) and reimbursement of litigation costs and expenses of up to Sixteen Thousand Dollars ($16,000) to Class Counsel ("Attorneys' Fees and Costs"); (2) Enhancement Payment of up to Twelve Thousand Five Hundred Dollars ($12,500) to Plaintiff; (3) Five Hundred Thousand Dollars ($500,000) allocated for the resolution of the claim for violation of the Private Attorneys General Act of 2004 ("PAGA Amount"); and (4) Settlement Administration Costs, which are currently estimated not to exceed Twenty Six Thousand Dollars ($26,000).   *Id.*, ¶¶ 6.w, 11, 12, 13 & 14.   Assuming the allocations towards these payments are awarded in full, the Net Settlement Amount that will be available to be allocated to Class Members who do not submit a timely and valid Request for Exclusion ("Settlement Class Members") is currently estimated to be at least Two Million Three Hundred Seventy Thousand Five Hundred Dollars ($2,370,500).   *Id.*, ¶¶ 6.mm & 6.w.   The entire Net Settlement Amount will be distributed to Settlement Class Members based upon their Workweeks (defined *infra*) and the entire PAGA Amount will be distributed to the State of California and PAGA Employees, and no portion of the Maximum Settlement Amount shall revert to Defendants. *Id.*, ¶¶ 15, 16 & 22.

## C.   Calculation of Individual Settlement Shares

The Settlement Administrator shall calculate each Class Member's estimated Individual Settlement Share[3], as follows:

> After Preliminary Approval, the Settlement Administrator will divide the estimated Net Settlement Amount by the Workweeks of all Class Members to yield the "Estimated Workweek Value," and multiply each Class Member's individual Workweeks by the

---

[3] Individual Settlement Shares are the *pro rata* shares from the Net Settlement Amount that a Class Member may be eligible to receive for the Class Settlement. Settlement Agreement, ¶ 6.t. See *id.*, ¶ 6.i for the definition of Class Settlement.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

> Estimated Workweek Value to yield their estimated Individual Settlement Share.[4] Settlement Agreement, ¶ 15.a.
>
> After Final Approval, the Settlement Administrator will divide the final Net Settlement Amount by the Workweeks of all Settlement Class Members to yield the "Final Workweek Value," and multiply each Settlement Class Member's individual Workweeks by the Final Workweek Value to yield their Individual Settlement Share. Settlement Agreement, ¶ 15.b.

Each Individual Settlement Share will be allocated as twenty percent (20%) wages and eighty percent (80%) penalties, interest, and non-wage damages. *Id.*, ¶ 27. The portion allocated to wages will be reported on an IRS Form W-2 and the portions allocated to penalties, interest, and non-wage damages will be reported on an IRS Form-1099 (if applicable) by the Settlement Administrator. *Ibid.* The Settlement Administrator will withhold the employee's share of taxes and withholdings with respect to the wages portion of the Individual Settlement Shares, and issue checks to Settlement Class Members for their Individual Settlement Payments (i.e., payment of their Individual Settlement Share net of these taxes and withholdings). *Ibid.* The employers' share of taxes and contributions in connection with the wages portion of Individual Settlement Shares ("Employer Taxes") shall be paid by Defendant Nutrien AG in addition to the Maximum Settlement Amount. *Id.*, ¶¶ 6.n & 27.

### D. Calculation of Individual PAGA Payments

The Settlement Administrator shall calculate each PAGA Employee's estimated Individual PAGA Payment[5] (if he or she is eligible to receive payment thereof), as follows:

> The Settlement Administrator will divide the PAGA Employee Amount, i.e., 25% of the PAGA Amount, by the total number of

---

[4] Workweeks are defined as the number of weeks each Class Member worked for any of the Defendants as a non-exempt employee in California during the Class Period. See *id.*, ¶ 6.nn.
[5] Individual PAGA Payments are the *pro rata* shares of the PAGA Employee Amount that a PAGA Employee is eligible to receive for the PAGA Settlement. Settlement Agreement, ¶ 6.r. See *id.,* ¶ 6.cc for the definition of PAGA Settlement.

6

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Workweeks of all PAGA Employees during the PAGA Period to yield the "PAGA Workweek Value," and multiply each PAGA Employee's individual Workweeks during the PAGA Period by the PAGA Workweek Value to yield their Individual PAGA Payment. Settlement Agreement, ¶ 16.

**E.**    **Request for Exclusion, Objection, and Workweeks Dispute Procedures**

Any Class Member wishing to be excluded from the Class Settlement must submit a written letter ("Request for Exclusion") to the Settlement Administrator, by mail, on or before the date that is forty-five (45) calendar days from the initial mailing of the Class Notice by the Settlement Administrator ("Response Deadline". Settlement Agreement, ¶¶ 6.ii, 6.jj, & 23. A Request for Exclusion must: (a) contain the case name and number of the Action; (b) contain the Class Member's full name, signature, address, telephone number, and last four (4) digits of Social Security Number; (c) contain a clear written statement indicating that the Class Member seeks exclusion from the Class Settlement; and (d) be submitted by mail to the Settlement Administrator at the specified address, postmarked on or before the Response Deadline. *Id.*, ¶ 6.ii.

To object to the Class Settlement, Class Members who have not opted out of the Class Settlement (i.e., Settlement Class Members) must submit a timely and complete written objection ("Objection") to the Settlement Administrator, by mail, on or before the Response Deadline. *Id.*, ¶¶ 6.x & 24. The Objection must: (a) contain the case name and number of the Action; (b) contain the Class Member's full name, signature, address, telephone number, and last four (4) digits of Social Security Number; (c) contain a written statement of all grounds for the objection accompanied by any legal support for such objection; (d) contain copies of any papers, briefs, or other documents upon which the objection is based; and (e) be submitted by mail to the Settlement Administrator at the specified address, postmarked on or before the Response Deadline. *Id.*, ¶ 6.x. Settlement Class Members may also present their objection orally at the Final Approval Hearing,

7

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   irrespective of whether they submit an Objection. *Id.*, ¶ 24.

2          The Class Notice will include the procedure by which a Class Member may

3   dispute the number of Workweeks allocated to him or her by submitting a timely

4   and valid written letter ("Workweeks Dispute"), which must: (a) contain the case

5   name and number of the Action; (b) contain the Class Member's full name,

6   signature, address, telephone number, and last four (4) digits of Social Security

7   number; (c) clearly state that the Class Member disputes of the number of

8   Workweeks credited to him or her and what he or she contends is the correct

9   number to be credited to him or her; (d) attach any documentation that he or she

10  has to support the dispute; and (e) be submitted by mail to the Settlement

11  Administrator at the specified address, postmarked on or before the Response

12  Deadline. *Id.*, ¶¶ 6.oo & 21.c.

13  **F.      Scope of the Release**

14  The Released Class Claims that are the subject of the Settlement are:

15  [A]ll causes of action and factual or legal theories that were alleged in the
    Operative Complaint or reasonably could have been alleged based on the
16  facts and legal theories contained in the Operative Complaint, for violations
    of the California Labor Code, including *inter alia* sections 201, 202, 203,
17  204, 226(a), 226.7, 246, 510, 512(a), 551, 552, 1174(d), 1194, 1197, 1197.1,
    1198, 2800 and 2802, and Industrial Welfare Commission Wage Orders,
18  including *inter alia*, Wage Orders 1-2001, 7-2001, 8-2001, 13-2001, 14-
    2001 and 16-2001, including all of the following claims for relief:   (a)
19  failure to pay all and overtime wages due; (b) failure to provide proper meal
    periods, and to properly provide premium pay in lieu thereof; (c) failure to
20  provide proper rest periods, and to properly provide premium pay in lieu
    thereof; (d) failure to pay all minimum wages due: (e) failure to pay all
21  wages timely during employment; (f) failure to pay all wages timely at the
    time of termination; (g) failure to provide complete, accurate or properly
22  formatted wage statements; (h) failure to provide an employee with written
    notice that sets forth the amount of paid sick leave available or paid time off
23  leave an employer provides in lieu of sick leave; (i) failure to keep complete
    and accurate payroll records; (j) failure to reimburse business expenses; (k)
24  unfair business practices that could have been premised on the claims,
    causes of action or legal theories of relief described above or any of the
25  claims, causes of action, or legal theories of relief pleaded in the Operative

1
2
3

Complaint; (k) any other claims or penalties under the wage and hour laws pleaded in the Action; and (l) all damages, penalties, interest, and other amounts recoverable under said claims, causes of action or legal theories of relief.  *Id.*, ¶ 6.ff.

4

The Released PAGA Claims that are the subject of the Settlement are:

5
6
7
8
9
10
11
12
13
14
15
16
17
18

[A]ll causes of action and factual or legal theories for civil penalties under the California Labor Code Private Attorneys General Act of 2004 against any of the Released Parties that were alleged in the Operative Complaint or reasonably could have been alleged based on the facts and legal theories contained in the PAGA Notices and Operative Complaint for violations of the California Labor Code, including *inter alia* sections 201, 202, 203, 204, 226(a), 226.7, 246, 510, 512(a), 551, 552, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and Industrial Welfare Commission Wage Orders, including *inter alia*, Wage Orders 1-2001, 7-2001, 8-2001, 13-2001, 14-2001 and 16-2001, including all of the following: (a) failure to pay all and overtime wages due; (b) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (c) failure to provide proper rest periods, and to properly provide premium pay in lieu thereof; (d) failure to pay all minimum wages due: (e) failure to pay all wages timely during employment; (f) failure to pay all wages timely at the time of termination; (g) failure to provide complete, accurate or properly formatted wage statements; (h) failure to provide an employee with written notice that sets forth the amount of paid sick leave available or paid time off leave an employer provides in lieu of sick leave; (i) failure to keep complete and accurate payroll records; and (j) failure to reimburse business expenses. *Id.*, ¶ 6.gg.

19
20
21
22
23
24
25
26

The Released Parties are Defendants Nutrien Ltd. (erroneously sued as Nutrien), Nutrien Ag Solutions, Inc., Western Farm Services, Inc., and Crop Production Services, Inc. as well as Nutrien US LLC, Agrium U.S., Inc., Loveland Products, PCS Administration (USA), and each of their past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers. *Id.*, ¶ 6.hh.

27
28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

1       Upon the Effective Date[6] and full funding of the Maximum Settlement

2   Amount, Plaintiff and all Settlement Class Members, will be deemed to have fully,

3   finally, and forever released, settled, compromised, relinquished, and discharged

4   the Released Parties of all Released Class Claims whether known or unknown. *Id*.,

5   ¶ 32.a.

6       Upon of the Effective Date and full funding of the Maximum Settlement

7   Amount, Plaintiff and the State of California will be deemed to have fully, finally,

8   and forever released, settled, compromised, relinquished, and discharged the

9   Released Parties of all Released PAGA Claims whether known or unknown. *Id*., ¶

10  32.b.

## V.   THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

13      Class action settlements require court approval. Fed. R. Civ. Proc. 23(e).

14  Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of*

15  *Seattle,* 955 F.2d 1268, 1276 ⁽9th Cir. 1992), the decision to approve or reject a

16  settlement is within the trial court's discretion, and that decision may be reversed only

17  upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150

18  F.3d 1011, 1026 ⁽9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

19      A settlement should be approved if it is "fundamentally fair, adequate, and

20  reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class

21  action settlement, Courts engage in a two-step process: (1) preliminary approval of the

22  settlement; and (2) a later detailed review after notice is given to class members, to

23  determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v.*

24  *DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval

25  stage, courts must approve a class action settlement "if it appears to be the product of

26  serious, informed, non-collusive negotiations, has no obvious deficiencies, and does

27  not improperly grant preferential treatment to class representatives or segments of the

28  

---

[6] See *id.*, ¶ 6.m, for the definition of the "Effective Date."

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  class, and falls within the range of possible approval." *In re Tableware Antitrust*

2  *Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

3    In evaluating the fairness of the class action settlement, courts should give

4  "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d

5  at 1027. Courts need only ensure that the settlement is not a product of "fraud or

6  overreaching by, or collusion between, the negotiating parties, and that the settlement,

7  taken as a whole, is fair, reasonable, and adequate to all concerned." *Id.*

8  **VI.   THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED**

9    Preliminary approval is appropriate if the settlement is "potentially fair,"

10  *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no

11  "glaring deficiencies" that would make it clear that a final approval hearing is not

12  warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4,

13  2010). As discussed below, the Settlement resulted from hard-fought litigation and

14  extensive negotiations, and is fair and reasonable. Therefore, the Settlement should be

15  preliminarily approved.

16  **A.   The Settlement Resulted from Arm's Length Negotiations and**

17  **Extensive Investigation and Discovery**

18    An initial presumption of fairness exists "if the settlement is recommended by

19  class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-

20  cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted).

21  Courts give great weight to such recommendation as class counsel is most familiar

22  with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

23    Here, the parties actively litigated this case since it was commenced on April 2,

24  2021. Class Counsel conducted a thorough investigation into the facts and

25  circumstances of the case and diligently investigated the allegations in this lawsuit.

26  Declaration of Annabel Blanchard in Support of Plaintiff's Motion for Preliminary

27  Approval of Class Action Settlement ("Blanchard Decl."), ¶¶ 11-13.  Class Counsel

28  reviewed a volume of documents and data obtained from Defendants, Plaintiff, and

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

other sources, including and not limited to, Plaintiff's employment records, a detailed sampling of Class Members' pay and time data, Crop Production Services, Inc.'s Employee Handbook, Nutrien AG Solutions, Inc.'s Employee Handbook, Defendants' operations and employment practices, procedures, and policies (including, but not limited to, Defendants' Rest and Meal Breaks Policy, Waiver of Meal Periods Policy, On-Duty Meal Period Policy, Cell Phone Reimbursement for Business Use of Personal Cellular Devices Policy, Employee Classification Policy, and Time Card Reporting Policy), acknowledgements and agreements (including, but not limited to, Defendants' Employee Acknowledgement of Receipt of Policy Regarding Meal and Rest Periods, On-Duty Meal Period Agreement, and On-Duty Meal Period Agreement Revocation), forms (including, but not limited to, Defendants' Consent to Waive Meal Periods), among other information and documents. *Ibid.* The parties also met and conferred on numerous occasions over issues relating to the pleadings, jurisdiction, motion practice, and the production of documents and data prior to mediation. *Id.*, ¶ 12.

The parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. *Id.*, ¶ 11. During the mediation, the parties exchanged information and discussed various aspects of the case, including and not limited to, Plaintiff's claims, the risks and delays of further litigation and of proceeding with certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, wage-and-hour enforcement, and PAGA representative claims, the evidence produced and analyzed, and the possibility of appeals, among other things. *Ibid.*

During all settlement discussions, the parties conducted their negotiations at arm's length from an adversarial position. *Ibid.* Arriving at a settlement that was acceptable to both parties was not easy. With the aid of the mediator's evaluations, the parties agreed that this case was well-suited for settlement given the legal issues

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

relating to the claims, as well as the costs and risks to both sides that would attend further litigation. *Id.*, ¶¶ 11 & 18. The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. *Id.,* ¶¶ 10, 12, 18, & 21.

The Settlement is based on this large volume of facts, evidence, and investigation, and the parties' negotiations during the mediation.[7] While the parties disagree over the merits and certifiability of Plaintiff's claims, Plaintiff and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class, State of California, and PAGA Employees, in light of all known facts and circumstances. *Id.*, ¶¶ 11, 13, & 21.

## B.    The Settlement Is Fair, Reasonable, and Adequate

The Maximum Settlement Amount of Four Million Five Hundred Thousand Dollars ($4,500,000) represents a fair, reasonable, and adequate resolution of this lawsuit. Under the Settlement, the entire Net Settlement Amount will be distributed to Settlement Class Members and is currently estimated to be at least Two Million Three Hundred Seventy Thousand Five Hundred Dollars ($2,370,500). Also, under the Settlement, the amount of Five Hundred Thousand Dollars ($500,000) is allocated to resolution of the Released PAGA Claims, of which $375,000 will be distributed to the LWDA (i.e., the LWDA Payment) and $125,000 will be distributed to PAGA Employees (i.e., the PAGA Employee Amount). The amount of the Settlement is reasonable considering the risks relating to certification, liability, and the ability to recover monetary relief on a class-wide or representative basis. *Id.*, ¶¶ 11, 13, 18, & 21. Additionally, the Settlement guarantees a certain monetary recovery to Settlement Class Members in a reasonably short period of time, as opposed to waiting additional

---

[7] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

1    years for the same, or possibly, no recovery.

2          The Settlement was calculated using data and information obtained through

3    case investigation, Defendants' removal papers, and informal exchange of information

4    in advance of and/or in the context of mediation and settlement negotiations.  *Id.*, ¶¶

5    11 & 12.  Prior to the mediation, Class Counsel conducted extensive investigation into

6    the claims.  *Id.*, ¶¶ 11, 12, 13, 16, & 18.  The data and information obtained enabled

7    Class Counsel to calculate the value of the claims and the monetary recovery that

8    could potentially be obtained, and permitted a complete understanding of Defendants'

9    employment policies, practices, and procedures.  *Id.*, ¶¶ 12, 16, & 18.  This

10   information proved invaluable in negotiating a settlement amount that provides fair,

11   adequate, and reasonable payment for the resolution of the class and PAGA claims.

12   *Id.,* ¶ 21.

13         The parties have also considered the potential risks and rewards inherent in any

14   case and, in particular, with this case.  *Id.*, ¶¶ 11, 17, 18, 19, 21.  Prior to the

15   mediation, Class Counsel performed extensive damages and valuation analysis based

16   on class data and a sampling of data provided by Defendants.  *Id.*, ¶¶ 12 & 18.  During

17   the mediation, Defendants contended, among other things, that their policies and

18   practices fully complied with California law.  *Id.*, ¶¶ 11 & 18.

19         Plaintiff faces numerous risks in continued litigation, including and not limited

20   to, the risk of receiving no recovery if a class is not certified and/or no liability is

21   found and the Court determining that adjudication on a representative or class basis is

22   unmanageable and not appropriate.  *Id.*, ¶¶ 13, 17, 18, & 21.  Plaintiff also faces the

23   real possibility that the amount recovered against Defendants after years of litigation

24   and a lengthy and costly trial is less than the amount negotiated in this Settlement.

25   *Ibid.*

26         Additionally, the Settlement is fair because it poses no risk of unequal

27   treatment of any Class Member.  Individual Settlement Shares will be calculated

28   based upon each Class Member's Workweeks during the Class Period.  Settlement

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Agreement, ¶ 15.  Individual PAGA Payments will be calculated based upon each
2  PAGA Employee's Workweeks during the PAGA Period.  Settlement Agreement, ¶
3  16.

4  There is no reason to doubt the fairness of the proposed plan of allocation of the
5  settlement funds for purposes of preliminary approval. Even at the final approval
6  stage: "an allocation formula need only have a reasonable, rational basis, particularly
7  if recommended by experienced and competent class counsel." *Nguyen v. Radient*
8  *Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014);
9  *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y.
10 2002).  Considering the facts in this case, the amount of the Settlement represents a
11 fair, reasonable, and adequate recovery for the Class, State of California, and PAGA
12 Employees.  Blanchard Decl., ¶¶ 11, 13, 18 & 21.

**C.  The Settlement Is of Significant Value and Within the Range of Approval**

15 The Maximum Settlement Amount of Four Million Five Hundred Thousand
16 Dollars ($4,500,000) provides substantial monetary recovery to the Class Members,
17 State of California, and PAGA Employees, and is fair, reasonable, and adequate in
18 light of the value of the claims and the significant risks of continued litigation.
19 Similarly, all of the other Settlement terms for which Plaintiff requests approval
20 and/or preliminary approval fall within the range of reasonableness, as discussed
21 below.

22 *1.   The allocation for the Enhancement Payment is reasonable.*

23 Subject to Court approval, Plaintiff will receive an Enhancement Payment of
24 Twelve Thousand Five Hundred Dollars ($12,500).  Settlement Agreement, ¶ 12. The
25 Enhancement Payment will be paid in addition to Plaintiff's Individual Settlement
26 Payment and Individual PAGA Payment. *Ibid.*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The trial court has discretion to award incentives to the class representatives.[8] Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

Here, the contemplated Enhancement Payment is fair and appropriate and is well within the range of incentive payments awarded by district courts. *See id.*; *Angell v. City of Oakland*, 13 cv-00190 NC, 2015 WL 65501, at *8 (N.D. Cal. Jan. 5, 2015) (approving $9,000 incentive awards); *Covillo*, 2014 WL 954516, at *8 (approving an $8,000 incentive award).

Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations.  Blanchard Decl., ¶ 12; Declaration of Bobby Grayson, III in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Grayson Decl."), ¶¶ 3-5.  Plaintiff was available whenever his counsel needed him and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims.  Grayson Decl., ¶¶ 3-5.  Accordingly, it is appropriate and just for Plaintiff to receive a reasonable enhancement payment for his services on

---

[8] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995):  (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

1    behalf of the Class, State of California, and PAGA Employees.

2           **2.**      *The allocations for the Attorneys' Fees and Costs are reasonable.*

3           The Settlement establishes a Maximum Settlement Amount of Four Million

4    Five Hundred Thousand Dollars ($4,500,000) and provides for Class Counsel to apply

5    for attorneys' fees in an amount of up to thirty-five percent (35%) of the Maximum

6    Settlement Amount.   Settlement Agreement, ¶ 11.   Class Counsel will bring an

7    appropriate motion in advance of the Final Approval Hearing pursuant to Rule 23(h),

8    and submit supporting evidence and documents.

9           Under California and Ninth Circuit precedent, a court has discretion to

10   determine attorneys' fees using either the lodestar method or the percentage-of-the-

11   fund method.[9]  District courts may adjust the twenty-five percent (25%) benchmark

12   (observed by the Ninth Circuit) upward or downward if "the percentage recovery

13   would be either too small or large in light of the hours devoted to the case or other

14   relevant factors."  *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301,

15   1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048.   If a

16   proposed class action settlement includes an award of attorneys' fees, courts must

17   evaluate that fee award on a case-by-case basis in the overall context of the settlement,

18   and an award above the twenty-five percent (25%) benchmark may be warranted.[10]

19   In California, attorneys' fees tend to be awarded above the twenty-five percent (25%)

20

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

21   _____
[9] It is appropriate to calculate and award attorneys' fees as a percentage of a
22   monetary funds that has, by litigation, been preserved or recovered for the benefit
     of others.  *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016);
23   *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 253 (2001); *Vizcaino v.
     Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab.
24   Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the
     amount of total recovery, as opposed to the total amount of claims made, and is well
25   established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S.
     472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe
26   Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liabiltiy
     Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).
27   [10] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d
     at 1048; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2,
28   2009).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

federal benchmark.  *See Van Vranken*, 901 F.Supp. at 297 (holding that fee awards of 30-50% are more typical where the fund is less than $10 million); *Craft v. City. of San Bernardino*, 624 F.Supp.2d 1123, 1127 (C.D. Cal. 2008) (holding that attorneys' fees in cases where the fund is below $10 million are often more than 25%).  Moreover, "awards in the Central District are in the 20% to 50% range."  *Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[11]

The goal is to award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).  In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013).  Of these factors, the most significant factor is the "degree of success obtained."  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Here, the attorneys' fee award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel.  Class Counsel litigated this case for over two (2) years, with the possibility of an unsuccessful outcome and no fee recovery of any kind.  Blanchard Decl., ¶ 11.  The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the strengths and weaknesses of the claims and the risk and expense of further

---

[11] Other districts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

litigation, Class Counsel has achieved an excellent result in this lawsuit.  Considering the amount of the fees to be requested, the work performed, and the risks incurred, the allocations for Class Counsel Award provided for by the Settlement are reasonable and should be awarded.  *See Vizcaino*, 290 F.3d at 1051.

## VII.   CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule 23(b).  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).  The proposed Class meets all of these requirements.

### A.   Numerosity

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement."  *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately 2,306 individuals.  Blanchard Decl., ¶ 9.  The proposed Class is sufficiently numerous, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

### B.   Commonality

A settlement class has sufficient commonality "if there are questions of fact and law which are common to the class."  Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one common question of law or fact satisfies this requirement.[12] Commonality has been found to exists when there is a common legal issue stemming

---

[12] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   from divergent factual predicates or a common nucleus of facts leading to different

2   legal remedies. *Hanlon*, 150 F.3d at 1019.

3        Courts generally find commonality where "the lawsuit challenges a system-

4   wide practice or policy that affects all of the putative class members[]" and divergent

5   ways in which these practices affect individual Class Members, if any, do not

6   undermine the finding of commonality.[13]   Here, the Class Members seek remedies

7   under California's wage-and-hour laws for violations arising from common, uniform,

8   and systematic practices which applied to all Class Members during the Settlement

9   Class Period. *See* e.g., Blanchard Decl., ¶¶ 16 & 18. Accordingly, the commonality

10   requirement is satisfied for settlement purposes.

11       **C.**    **Typicality**

12        The typicality requirement is satisfied where "the cause of the injury is the

13   same," as here, and the injury claimed by the named plaintiffs are "similar" to that of

14   unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be

15   "identical." *Id.* at 869.   Here, Plaintiff's claims are typical of those of the Class

16   Members, though some factual differences may exist among them, as the claims arise

17   from the same events or course of conduct and are based upon the same legal theories.

18   Given the structure of the Settlement, the proposed Class satisfies the typicality

19   requirement for settlement purposes as Plaintiff's claims arise from the same factual

20   basis and are based on the same legal theories as those applicable to all other Class

21   Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

22       **D.**    **Adequacy of Representation**

23        Rule 23(a)(4) requires that: (1) Class Representatives fairly and adequately

24   protect the interests of the class, and (2) Class Counsel be qualified and competent to

25   conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir.

26   2000). The requirement "tends to merge with the commonality and typicality criteria

27   _____

28   [13] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

of Rule 23(a)." [14]   The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

### 1.   Appointment of Class Representative.

Plaintiff meets the requirements under Federal Rule of Civil Procedure 23(a)(4), for appointment to represent the Class.  Plaintiff's claims are typical of and align with those of Class Members, which are confined to a limited group of similarly-situated employees who worked for Defendants within the State of California during the Class Period.  Also, Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations.  Blanchard Decl., ¶ 12; Grayson Decl., ¶¶ 3-5.  Plaintiff was available whenever his counsel needed him and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims.  Grayson Decl., ¶¶ 3-5.  As such, Plaintiff has demonstrated that he has and will continue to fairly and adequately represent the Class, and appointment of Plaintiff as Class Representative is appropriate.

### 2.   Appointment of Class Counsel.

Class Counsel meet the requirements under Federal Rule of Civil Procedure 23(g), for appointment to represent the Class.  Class Counsel are highly experienced in employment class action and complex wage-and-hour litigation, having handled many cases before and having been appointed class counsel in many other cases. Blanchard Decl., ¶¶ 2-7.  Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement. Class Counsel conducted extensive research, investigation, and analysis of the potential value of the claims.  Blanchard Decl., ¶¶ 11 & 18.  Class Counsel have committed and continue to commit significant financial

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

[14] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth Ed.* § 21.132 ("a settlement class must be cohesive").

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

and staffing resources to the pursuit of the Action.  As such, appointment of Arby Aiwazian, Joanna Ghosh, and Annabel Blanchard of Lawyers *for* Justice, PC as Class Counsel is appropriate.

### E.   Predominance and Superiority

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because: (1) common questions predominate over questions that affect individual members and (2) class resolution is superior to other available means of adjudication.  When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods.,* 521 U.S. at 618-20.  Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

Here, the proposed Class is sufficiently cohesive to warrant certification. For settlement purposes, common questions of fact and law affecting Class Members predominate over any questions that may affect only individual members. For example, Defendants' alleged failure to properly pay their employees for all hours worked and provide compliant meal and rest periods are alleged to arise from Defendants' uniform policies, practices, and procedures.  As such, the questions of fact and law relating to these issues predominate.

Moreover, a class resolution is superior to other available means for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here, the alternative method of resolution is individual claims, subject to proof, for relatively small amounts of damages, which would be uneconomical for potential plaintiffs.  Therefore, a class resolution is superior to any other available methods.

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# VIII. <u>ADEQUACY OF THE METHOD OF NOTICE</u>

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone and should neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

Here, the proposed Class Notice provides the best notice practicable and is adequate.   It provides information on, *inter alia*, the nature of the Action, the definition of the Class, the terms of the Settlement, the scope of the Released Class Claims and Released PAGA Claims, the binding effect of the Settlement, and the allocations for the Attorneys' Fees and Costs, Enhancement Payment, PAGA Amount, and Settlement Administration Costs.  Each Class Member's Class Notice will state his or her number of Workweeks, estimated Individual Settlement Share, and estimated Individual PAGA Payment (if applicable).   The Class Notice summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

All Class Members can and will be identified by Defendants through a review of their records.  After receiving the Class List from Defendant Nutrien AG, the Settlement Administrator will update the addresses using the U.S. Postal Service's National Change of Address Database and mail a Class Notice to each Class Member. Settlement Agreement, ¶ 21.[15]   Accordingly, the proposed Class Notice is adequate

---

[15] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice

*(Footnote continued)*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

and is the best notice practicable under Rule 23(c)(2)(B).

The Class Notice also fulfills the requirement of neutrality in class notices. The Class Notice provides a brief, neutral explanation of the case from the perspective of both parties and recognizes that the Court has not yet granted final approval of the Settlement.[16] The Class Notice sets forth in an accurate and informative manner the procedures and deadlines governing the submission of Requests for Exclusion, Objections, and Workweeks Disputes. The proposed Class Notice satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. Accordingly, the Court should approve the proposed Class Notice.

## IX. APPOINTMENT OF PHOENIX SETTLEMENT ADMINISTRATORS AS THE SETTLEMENT ADMINISTRATOR

The parties have selected Phoenix Settlement Administrators ("Phoenix") as the Settlement Administrator to handle the notice and administration of the Settlement. Phoenix will mail a Class Notice in English and Spanish to each Class Member; receive, review, and process Requests for Exclusion, Objections, and Workweeks Disputes; calculate estimated Individual Settlement Shares, Individual Settlement Payment, and Individual PAGA Payments; withhold applicable taxes and withholdings; prepare and transmit necessary tax documentation and filings; and transmit all required payments. Settlement Agreement, ¶ 13. Phoenix will also handle inquiries from Class Members regarding the Settlement and perform any other usual and customary duties for administering a class action settlement.

Settlement Administration Costs are currently estimated not to exceed Twenty-Six Thousand Dollars ($26,000) and will be paid out of the Maximum Settlement Amount subject to approval by the Court. Plaintiff respectfully requests that the Court

by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

[16] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

appoint Phoenix as the Settlement Administrator and direct distribution of the Class Notice in the manner and in accordance with the proposed schedule, set forth in the Settlement Agreement and discussed in Section VIII, *infra*.

## X.   DEADLINES FOR NOTICE AND ADMINISTRATION

a.   The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process.  Within twenty-one (21) calendar days following the date of entry of the Court order granting preliminary approval of the Settlement, Defendant Nutrien AG will provide the Settlement Administrator a list of the following information for each Class Member: each Class Member's last-known full name, mailing address, telephone number, Social Security number, dates employed as a non-exempt employee of Defendants in California during the Class Period, and such other information as is necessary for the Settlement Administrator to calculate Workweeks (collectively, "Class List").   Settlement Agreement, ¶¶ 6.d & 20.  Within fourteen (14) calendar days after receiving the Class List, the Settlement Administrator will perform a search based on the National Change of Address Database or any other similar services available, such as provided by Experian, for information to update and correct for any known or identifiable address changes, and will mail a Class Notice in English and Spanish to each Class Member.   *Id.*, ¶ 21.a.   With respect to Class Notices that are returned as undeliverable on or before the Response Deadline, the Settlement Administrator will search for an alternate address by way of skip-trace and re-mail the Class Notice within five (5) calendar days.   *Id.*, ¶ 21.b.   Requests for Exclusion, Objections, and Workweeks Disputes must be mailed to the Settlement Administrator, postmarked on or before the Response Deadline. *Id.*, ¶¶ 21.c, 23, & 24.

All Individual Settlement Payment and Individual PAGA Payment checks will remain valid and negotiable for one hundred eighty (180) calendar days from the date the checks are issued, and thereafter, shall be cancelled.  *Id.*, ¶ 22.  All funds remaining in the Qualified Settlement Fund in connection with cancelled checks

1  shall be distributed to the Controller of the State of California to be held pursuant
2  to the Unclaimed Property Law, California Civil Code § 1500 *et seq.*, for the
3  benefit of those Settlement Class Members and/or PAGA Employees who did not
4  cash, deposit, or otherwise negotiate their checks until such time that they claim
5  their property. *Ibid.*

6  **XI.**   **CONCLUSION**

7         For the foregoing reasons, Plaintiff respectfully requests that the Court grant
8  leave to file the Fourth Amended Complaint; grant preliminary approval of the
9  Settlement; certify the proposed Class for settlement purposes; appoint Arby
10 Aiwazian, Joanna Ghosh, and Annabel Blanchard of Lawyers *for* Justice, PC as Class
11 Counsel; preliminarily approve the allocations for the Attorneys' Fees and Costs,
12 Enhancement Payment, PAGA Amount, and Settlement Administration Costs;
13 appoint Plaintiff as the Class Representative; appoint Phoenix as the Settlement
14 Administrator; approve and direct the mailing of the Class Notice to the Class; and
15 schedule a Final Approval Hearing in approximately six (6) months.

16 Dated:  July 14, 2023                    **LAWYERS *for* JUSTICE, PC**

17                                    By:   /s/ Annabel Blanchard
18                                          Annabel Blanchard
19                                          *Attorneys for* Plaintiff

*(left margin, vertical)* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203